**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-cv-47 |
| | ) | |
| DUPONT HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | _____ |
| | ) | |
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-cv-48 |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court are two motions filed by *pro se* Plaintiff Anthony C. Martin in two separate § 1983 cases, asking that this Court request an attorney to represent him. (Docket # 5 in No. 1:09-cv-47; Docket # 13 in 1:09-cv-48.) He has also filed a Questionnaire for Appointment of Counsel. (Docket # 15 in 1:09-cv-48.) For the limited purpose of addressing Martin's requests for counsel, the Court has consolidated the motions from the separate cases into one Opinion and Order.

Because Martin's cases are not difficult ones, and since he is competent to litigate them, the motions will be DENIED.

**LEGAL STANDARD**

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id*. (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And

---

[1] Here, Martin has made a reasonable attempt to obtain counsel on his own, as he has apparently contacted at least five different attorneys; none, however, have taken his cases. Of course, this is an indication that Martin's cases may indeed have little merit and that appointing counsel will not make a difference in the cases' ultimate outcomes. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

## ANALYSIS

Applying the foregoing two-fold inquiry to the instant cases, it is evident that Martin is competent to represent himself in both actions. To explain, the suits are relatively straightforward § 1983 actions. In his case against the Fort Wayne Police Department and several of its officers, Martin claims that he was roughed up when he was arrested and that the officers caused him injury. (Docket # 1 in 1:09-cv-48.) And, in his suit against Dupont Hospital, Martin alleges that he was subjected to cruel and unusual punishment in violation of the eighth amendment when he sought care at Dupont Hospital after his run-in with the police. (Docket # 1 in 1:09-cv-47.) Therefore, the first factor – the difficulty of his claims – cuts against Martin's request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Second, Martin has already adequately articulated his claims in these two cases and sought relief through various motions. (*See, e.g.*, Docket # 1, 2, 5 in No. 1:09-cv-47; Docket # 1, 2, 13 in No. 1:09-cv-48.) And, Martin is an experienced *pro se* litigator, as he has represented himself before this Court in other cases. *See, e.g, Martin v. Astrue,* No. 1:08-cv-00046, 2009 WL 187716 (N.D. Ind. Jan. 26, 2009); *Martin v. City of Fort Wayne*, No. 1:08-cv-195, 2008 WL 5235984 (N.D. Ind. Dec. 15, 2008); *Martin v. Fort Wayne Police Dept.,* No. 1:04-cv-00450, 2005 WL 3118020 (N.D. Ind. Nov. 21, 2005). In fact, he is even appealing one of his cases to

3

the Seventh Circuit Court of Appeals on a *pro se* basis. (*See* Docket # 32, 37 in *Martin v. Astrue,* No. 1:08-cv-00046 (N.D. Ind. Jan. 26, 2009).

Furthermore, the Court has observed through Martin's various court appearances that he has reasonably good communication skills, at least at a sufficient level to proceed *pro se*. He is not presently incarcerated and thus has the freedom to perform his own research. Moreover, the facts of these cases are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable. As a result, the second factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

Considering the foregoing, Martin appears quite competent to adequately handle the litigation of these relatively simple § 1983 cases. Consequently, his motions asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's two motions requesting the appointment of counsel (Docket # 5 in No. 1:09-cv-47; Docket # 13 in No. 1:09-cv-48) are each DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 15th day of May, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge