UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-CV-47-PPS |
| | ) | |
| DUPONT HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Anthony Martin brought this suit *pro se* against Dupont Hospital, LLC and Heather Stultz, a physician's assistant at Dupont, asserting Section 1983, HIPAA, and state law claims relating to injuries Mr. Martin alleges he received when he admitted himself to Dupont's emergency department [DE 1]. Ms. Stultz and Dupont filed separate motions for summary judgment [DE 33 & 36]. Both contend that Martin's Section 1983 claims fail for lack of state action, HIPAA does not provide a private right of action, and Martin's state law claims should be dismissed for lack of jurisdiction [*Id*.]. For the reasons discussed below, the Court **GRANTS** Stultz's and Dupont's motions for summary judgment.

## BACKGROUND

On the evening of February 12, 2009, Mr. Martin admitted himself to Dupont's emergency department, complaining of pain in his shoulder, arm, and elsewhere [DE 1]. Ms. Stultz, who was on call that evening in the emergency department, was the first person at Dupont to attend to Mr. Martin, who explained that his pain was caused by a beating he had just received from a run-in with officers with the Fort Wayne police department.[1] Mr. Martin alleges that Ms. Stultz then called the Fort Wayne police department and was told that the police were not

---

[1] Mr. Martin's alleged run-in with the police is the subject of a separate lawsuit in this District against the Fort Wayne police department and several of its officers [DE 1 in 1:09-cv-48].

involved in the incident. According to Mr. Martin, Ms. Stultz then proceeded to mistreat him, including by interrogating him about the alleged beating and refusing to administer pain medication [*Id.*]. Martin alleges that two other unnamed Dupont employees also mistreated him, including by injuring his arm while taking an X-ray of it, and subjecting him to a verbally and physically abusive urine test [*Id.*]. When Mr. Martin left Dupont, on the same evening he was admitted, he had another run-in with Fort Wayne police officers, allegedly because of Ms. Stultz's earlier phone call to the police department [*Id.*].

Mr. Martin's Section 1983 claims appear to be based generally on the alleged improper treatment he received at Dupont, and Dupont's alleged disclosure of his medical results [*Id.*]. His complaint, however, does not clarify the specific constitutional or federal rights violations underlying his Section 1983 claims. For example, he contends that the Defendants failed to provide adequate medical treatment, subjected him to cruel and unusual punishment, and violated his privacy rights under HIPAA [*Id.*]. And he appears to assert that these acts violated his rights under the Seventh, Eighth, and Fourteenth Amendments [*Id.*]. But he does not specify which acts caused which constitutional violations, including by not specifying how his rights under the Seventh Amendment—which codifies the right to a jury trial in certain civil trials—are implicated by the conduct he alleges against Dupont and Ms. Stultz. Nor does Mr. Martin indicate whether he is alleging a separate Fourteenth Amendment violation, or whether he is instead invoking his Seventh and Eighth Amendment rights, as incorporated by the Fourteenth Amendment.

The factual allegations underlying Mr. Martin's HIPAA claim are also unclear. But he appears to base this claim on his allegation that Ms. Stultz violated Mr. Martin's right to privacy with respect to the results of his medical examinations, when she contacted the Fort Wayne police department [DE 1; DE 40 at 6].

Mr. Martin's state law negligence and malpractice claims also appear to be based on the

2

allegations of improper medical treatment and disclosure that underlie his HIPAA and Section 1983 claims.

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In making this determination, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party. *Haefling v. United Parcel Serv., Inc.*, 169 F.3d 494, 497 (7th Cir. 1999).

**I.     Mr. Martin's Section 1983 Claims Fail for Lack of State Action.**

Section 1983 is a procedural statute available to enforce federal statutory and constitutional civil rights. *See* 42 U.S.C. § 1983. It creates no substantive cause of action, but merely provides "a method of vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation marks and citation omitted). Liability under Section 1983 requires proof of two elements: that the conduct the plaintiff complains of (1) was committed by a person acting under color of state law; and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir. 1994); *see also Starnes v. Capital Cities Media, Inc.*, 39 F.3d

1394, 1396 (1994); *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996).

As noted, it is unclear from Mr. Martin's complaint what rights violations he intends to allege as the bases for his Section 1983 claims against Dupont and Ms. Stultz. The Court, however, need not delve into the content of Mr. Martin's Section 1983 claims because he fails to show the state action needed to sustain them.

It is uncontroverted that Dupont was a private entity during 2009, when Mr. Martin was treated in Dupont's emergency department [DE 36-1]. Specifically, during 2009, Dupont was a private, for-profit hospital [*Id.*]. The State of Indiana had no ownership interest in Dupont during that year [*Id.*]. Moreover, during 2009, Dupont had no contract with the Fort Wayne police department, or the Allen County Police Department, to provide medical services to arrested or incarcerated prisoners [*Id.*].

It is likewise uncontroverted that Ms. Stultz is a private citizen, and that, during 2009, she was employed by a private company [DE 33-1 & 33-2]. Specifically, during 2009, Ms. Stultz was employed by Emergency Medicine of Indiana, a private Fort Wayne, Indiana corporation that contracts with Dupont to provide emergency medicine services and physician coverage in Dupont's emergency department [*Id.*]. During 2009, Emergency Medicine of Indiana had no contracts with any governmental entity that obliged it to provide medical care for inmates or detainees [*Id.*]. On the February 12, 2009 evening that Mr. Martin admitted himself to Dupont, Ms. Stultz was working as a physician's assistant in Dupont's emergency department, pursuant to Dupont's contract with her employer [DE 33-2].

Accordingly, the dispute in this case turns on whether Dupont, a private hospital, and Stultz, a private citizen employed by a private company, were acting under color of state law when Mr. Martin was treated in Dupont's emergency department.

Generally, for the conduct of private parties to be considered state action, there must be a sufficiently close nexus between the state and the private conduct so that the action may be

4

"fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); s*ee also Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) (same). In short, for a private party to be liable under Section 1983, "the state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

The Seventh Circuit recognizes two broad groups of cases where the factual circumstances support a finding that the state is responsible for the acts of private parties: (1) "where a state effectively directs, controls, or encourages the actions of a private party"; and (2) where "a state delegates a 'public function' to a private entity." *Wade*, 83 F.3d at 905 (citing *Blum*, 457 U.S. at 1004 (1982)); *see also Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 628 (7th Cir. 1999) (same); *Mora v. Westville Corr. Facility*, No. 3:07-cv-259, 2008 WL 2906761, at *3 (N.D. Ind. Jul. 24, 2008) (same).

Mr. Martin, however, does not rely on either of those scenarios to support his Section 1983 claims. Indeed, Mr. Martin presents no evidence that either Dupont or Ms. Stultz were acting under color of law when he was treated in Dupont's emergency room. Rather than articulating a theory under which Defendants' conduct could be construed as state action, Mr. Martin provides only the bald conclusion that "Dupont Hospital and Heather Stultz were indeed state actors" [DE 40].

This is insufficient to save Mr. Martin's Section 1983 claims from summary judgment. *Cf. Spencer v. Lee*, 864 F.2d 1376, 1382 (7th Cir. 1989) (finding no state action by private physician and private hospital alleged to have injured plaintiff by improper medical treatment);

*Flanagan v. Methodist Hosp. of Chicago*, No. 95 C 7287, 1996 WL 374131, at *3-*4 (N.D. Ill. Jun. 28, 1996) (private hospital not subject to Section 1983 liability because plaintiff failed to adequately allege hospital acted under color of law).

So Defendants are entitled to summary judgment on Mr. Martin's Section 1983 claims.

## II. HIPAA Does Not Provide a Private Right of Action.

I agree with the Defendants that Mr. Martin's HIPAA claim should be dismissed. Mr. Martin alleges that Defendants violated HIPAA by disclosing the results of his medical examinations [DE 1; DE 40 at 6]. The problem for Mr. Martin, however, is that courts that have considered the question of whether HIPAA provides a private right of action have concluded that it does not. *See Doe v. Bd. Trustees Univ. Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue, . . . has concluded that HIPAA does not authorize a private right of action"; citing cases); *Traveler v. Ott*, No. 1:06-CV-304, 2006 WL 3450602, at *3 (N.D. Ind. Nov. 29, 2006) (same). *Doe*'s rationale for this conclusion, with which I agree, is that "HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone." *Doe*, 429 F. Supp. 2d at 944.

So Defendants are also entitled to summary judgment on Mr. Martin's HIPAA claim.

## III. Mr. Martin's State Law Claims

In addition to his federal claims, Mr. Martin asserts supplemental state law claims for negligence and malpractice based on the improper treatment he alleges he received at Dupont. Pursuant to 28 U.S.C. § 1367, unless provided otherwise by statute, federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." When a district court dismisses all federal claims, however, it has broad discretion to refuse to exercise jurisdiction over remaining supplemental state claims. *Szumny v. Am. Gen. Fin. Inc.*, 246 F.3d 1065, 1073 (7th Cir. 2001); *Kennedy v.*

*Schoenberg, Fisher & Newman Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998). Because the Court is granting summary judgment in Defendants' favor on Mr. Martin's federal claims, it declines to exercise supplemental jurisdiction over his state law claims. The dismissal of these claims will be without prejudice to any right Mr. Martin might have to re-file those claims in a state court of competent jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Dupont Hospital, LLC's Motion for Summary Judgment [DE 36] as to Plaintiff Anthony Martin's Section 1983 and HIPAA claims. The Court further **GRANTS** Heather Stultz's Motion for Summary Judgment [DE. 33] as to Plaintiff Anthony Martin's Section 1983 and HIPAA claims. Plaintiff's state law negligence and malpractice claims are **DISMISSED** for lack of jurisdiction, as the Court declines to exercise supplemental jurisdiction over these claims after dismissing Mr. Martin's federal claims. The Court **DIRECTS** the clerk to **ENTER FINAL JUDGMENT** in favor of Dupont Hospital and Heather Stultz, stating that Plaintiff is entitled to no relief on his Section 1983 and HIPAA claims. The clerk shall treat this civil action as **TERMINATED**.

**SO ORDERED**.

Entered: June 7, 2010

> s/ Philip P. Simon
> PHILIP P. SIMON, CHIEF JUDGE
> UNITED STATES DISTRICT COURT