# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY C. MARTIN, | ) |
| Plaintiff, | ) ) |
| v. | ) 1:09-CV-47-PPS |
| DUPONT HOSPITAL, *et al.*, | ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

*Pro se* plaintiff Anthony C. Martin filed a motion [DE 50] for Rule 60(b) relief from this Court's June 7, 2010 order [DE 48], which granted summary judgment in favor of Defendants as to Martin's Section 1983 and HIPAA claims and dismissed his remaining state law claims for lack of jurisdiction. Martin's motion presents nothing new. Thus, for the reasons stated in the Court's previous opinion [DE 48], and for the reasons discussed below, Martin's motion to reconsider is **DENIED**.

## BACKGROUND

Martin received medical care for pain in his shoulder, arm, and elsewhere at Dupont's emergency department on February 12, 2009. He attributed his injuries to an altercation with Fort Wayne police officers earlier that day.[1] Martin alleges that Heather Stultz, a physician's assistant at Dupont, provided inadequate medical care once she learned that his alleged injuries resulted from his run-in with the police department. Martin further alleges that Ms. Stultz had called the police department and discussed Martin's condition, which resulted in another run-in between Martin and the police department later that evening.

Martin sued Dupont and Ms. Stultz pursuant to 42 U.S.C. § 1983, presumably based on his claims of improper treatment at Dupont and Dupont's alleged disclosure of his medical

---

[1] Martin's alleged run-in with the police is the subject of a separate lawsuit in this District against the Fort Wayne police department and several of its officers [DE 1 in 1:09-cv-48].

results. His complaint also contained a claim under HIPAA for violation of his privacy through the disclosure of his medical results to the police department. Martin also brought state negligence and medical malpractice claims against the Defendants.

The Court granted summary judgment in favor of Defendants, finding that his § 1983 claims failed for lack of state action, and that Martin had no HIPAA claim because HIPAA does not provide a private right of action [DE 48]. Having eliminated all of the federal claims, the Court declined to exercise supplemental jurisdiction over Mr. Martin's state law claims, and thus dismissed them [*Id.*].

Martin then filed the pending motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, requesting reversal of the summary judgment decision and an opportunity to proceed to trial [DE 50]. Defendants did not respond.

## DISCUSSION

Rule 60(b) allows motions for relief from judgment based upon various grounds including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. Fed. R. Civ. P. 60; *see also Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Plaintiff's motion is procedurally appropriate under Rule 60(b) because it was filed within a reasonable time as required under Rule 60(c)(1). Relief under Rule 60(b), however, "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington*, 433 F.3d at 546 (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).

The pending motion, however, does not present evidence of mistake, inadvertence, newly discovered evidence, or any other grounds that Rule 60(b) lists as sufficient to justify relief. Instead, it seeks to alter the Court's decision to grant summary judgment by arguing matters that could have been heard during the pendency of Defendants' summary judgment motion. Specifically, Martin appears to argue that his claims would have survived summary judgment had Defendants complied with his discovery requests, and not forced him to address

2

jurisdictional issues at the summary judgment stage [DE 50 at 1]. He also seeks to revive his Section 1983 claims by asserting that Defendants are state actors. Martin tries to establish this latter point by asserting that (1) defendant Dupont Hospital receives federal funding in the form of Medicaid reimbursements and state funding through Indiana health insurance programs; and (2) the Defendants are regulated by the State of Indiana and must follow state guidelines [*Id*. at 1-2].

Even if these arguments had merit, Martin's failure to raise them at summary judgment means that none can supply the grounds for a reconsideration of the Court's June 7, 2010 ruling. *See Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *see also Ho v. Taflove*, 696 F. Supp. 2d 950, 959 (N.D. Ill. 2010) (citing *Caisse Nationale*, 990 F.3d at 1269-70).

Moreover, the Court doubts whether the state action arguments Martin is now asserting would have enabled him to survive summary judgment, even if Martin timely asserted them. Liability under Section 1983 requires proof that the conduct the plaintiff complains of (1) was committed by a person acting under color of state law; and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994); *see also Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Generally, for the conduct of private parties to be considered state action, there must be a sufficiently close nexus between the state and the private conduct so that the action may be "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *see also Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action'

that seemingly private behavior 'may be fairly treated as that of the State itself.'"); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) (same). In short, for a private party to be liable under Section 1983, "the state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

As for Martin's assertion that Dupont receives federal and state funding, receipt of such funding is not itself sufficient to establish state action. *Rendell-Baker*, 457 U.S. at 840; *see also Blum*, 457 U.S. at 1008–09. To show state action, Martin would need to also establish that "(1) the private individual and a state official reach[] an understanding to deprive the plaintiff of [his] constitutional rights and (2) the private individual was a willful participant in joint activity with the state or its agents." *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006) (quoting *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000)). Martin, however, does not present any evidence of an understanding between Dupont and any state officials to deprive him of his rights. Accordingly, even if he had raised this argument at summary judgment, it would not have saved his Section 1983 claims.

Martin's contention that the state regulation of the Defendants establishes state action also fails. Extensive and detailed state regulation alone does not prove the existence of state action. *Rendell-Baker*, 457 U.S. at 841 (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974)). As noted above, "the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson*, 419 U.S. at 350. In the pending motion, Martin baldly asserts that Defendants " were in fact acting under state regulations and guidelines and are considered state actors" [DE 50 at 1]. This, alone, is insufficient because it just addresses the issue of regulation, and provides no evidence of the nexus between the State and the challenged action needed to show state action.

4

In sum, even if Martin had timely raised the foregoing arguments, they would not have enabled him to withstand summary judgment against his Section 1983 claims. And Martin's argument concerning Defendants' supposed non-compliance with discovery is simply a non-starter. As is Martin's assertion that Defendants forced him to address jurisdiction, which is not even an intelligible argument. As for Martin's state law claims, the Court reiterates that the dismissal of those claims is without prejudice to Martin's ability to assert them, if he so wishes, in a state court of competent jurisdiction.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Court's previous opinion [DE 48], Martin's motion for Rule 60(b) relief [DE 50], is **DENIED**.

**SO ORDERED**.

ENTERED: March 14, 2011 /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT